UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :                    ORDER
                         Plaintiff,      :
                                         :                    08-CV-5083 (ENV) (RLM)
        -against-                        :
                                         :
EDWARD R. WASHINGTON,                    :
                                         :
                         Defendant.      :
                                         :
-------------------------------------------------------------x

VITALIANO, D.J.

On December 17, 2008, plaintiff United States of America (the "government") brought this action, through private counsel, and pursuant to 20 U.S.C. § 1080, against defendant Edward R. Washington, alleging that Washington had failed to make payments on his student loan. On February 4, 2009, after Washington had failed to answer or otherwise respond to the complaint, the government filed a motion for default judgment.

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court entered a notation of default against Washington on August 18, 2009. The following day, this Court granted the government's motion for default judgment. Reference followed to Magistrate Judge Roanne L. Mann to conduct an inquest and prepare a report and recommendation on the amount of damages and attorneys' fees to be awarded.

On December 14, 2009, Magistrate Judge Mann issued a Report and Recommendation ("R&R") recommending that the government be awarded (i) damages in the amount of $7297.20, plus prejudgment interest accruing at $0.62 per day from September 1, 2009, through entry of judgment, (ii) costs in the amount of $385.00, and (iii) attorneys' fees totaling $912.50.

R&R at 19. No objections to Magistrate Judge Mann's R&R have been timely filed.[1]

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's R&R where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Magistrate Judge Mann's R&R as to the appropriate amount of damages in this action to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Accordingly, for the reasons stated in the R&R, the plaintiff is awarded $7297.20 in statutory damages, $187.24 in interest, $385.00 in costs, and $912.50 in attorneys' fees, for a total of $8781.94.

The Clerk is directed to enter Judgment in accordance with this opinion and to close this case.

SO ORDERED.

DATED: Brooklyn, New York
June 29, 2010

ERIC N. VITALIANO
United States District Judge

---

[1] The Clerk of the Court served a copy of Magistrate Judge Mann's R&R on Washington by mail at his last known address on January 22, 2010. On February 2, 2010, the R&R was returned as undeliverable. Because Washington was properly served with process on January 12, 2009, the Court finds that he had sufficient notice of the action. See Sony BMG Music Entm't v. Thurmond, No. 06-CV-1230, 2009 U.S. Dist. LEXIS 110232, at *1-*2 (E.D.N.Y. Nov. 24, 2009) (adopting R&R where there were no objections and where it had been returned as undeliverable); United States v. Salten, No. 03-CV-578, 2007 U.S. Dist. LEXIS 26880, at *2 (E.D.N.Y. Apr. 10, 2007) (finding objections waived and adopting R&R where it had been returned as undeliverable, and noting that "[i]t is not this Court's job to maintain current addresses of all litigants; rather, the parties must provide such changes of address as well as make timely status inquiries." ) (citation omitted).